Reversed and Remanded and Memorandum
Opinion filed January 11, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00940-CV



Suzanne
Cornwell, Appellant 

v.

Dick Woodward
& Associates, Inc. d/b/a Cornwell & Woodward Co., Appellee 



On Appeal from
the 334th District Court

Harris County, Texas

Trial Court
Cause No. 2004-40396



 

MEMORANDUM OPINION 

Suzanne Cornwell appeals from the grant of a
no-evidence motion for summary judgment in her lawsuit against Dick Woodward
& Associates, Inc. d/b/a Cornwell & Woodward Co.  In her sole issue on
appeal, Cornwell contends that the trial court erred in granting the motion
because (1) the motion was insufficient on its face, and (2) her response to
the motion presented more than a scintilla of evidence on each of her causes of
action.  We reverse and remand.

Background

Dick Woodward & Associates, Inc. (“DWA”)
initially filed suit against Cornwell alleging conversion of property and
breach of fiduciary duty, as well as seeking to have Cornwell expelled from a
partnership, “Cornwell & Woodward Co.,” that she had formed along with Richard
“Dick” Woodward.[1] 
DWA further contended that it owned the d/b/a “Cornwell & Woodward Co.”  Cornwell
filed a counter-petition against DWA and Woodward, alleging a number of causes
of action, including:  theft of services, conversion, quantum meruit, business
disparagement, misuse of legal process, fraud, and theft, and seeking actual
and punitive damages as well as injunctive relief.  The trial court
subsequently severed, into a separate action, the claims Cornwell raised
against Woodward in his individual capacity.

DWA then filed a no-evidence motion for summary
judgment.  In this motion, DWA suggested that Cornwell’s live counterclaim
pleading continued to state claims against Woodward in his individual capacity
even though such claims had been severed.  DWA did not specify in the motion
which claims it believed had been severed that were still being included in
Cornwell’s pleadings.  Regarding the claims against itself, DWA stated as follows:

Plaintiff Woodward Corporation moves for no-evidence
summary judgment based on Cornwell’s lack of evidence to support any of her
counterclaims against the Plaintiff.  Specifically, Defendant Cornwell has no
evidence to support her alleged counter-claims of theft of services, conversion
of personal property, quantum meruit, business disparagement, misuse of legal
process and wrongful sequestration, fraud, theft, theft liability act, and
claims for exemplary damages, injunctive relief against the present defendant
corporation.

At no point in the motion does DWA specify any
particular element or elements of the claims on which it alleged Cornwell could
produce no evidence.  Although DWA further suggests in the motion that
Cornwell’s allegations against Woodward in his individual capacity could not
support her claims against DWA, it does not mention any particular cause of action
or element in this regard.

Cornwell filed a response to the motion and attached
a lengthy affidavit thereto.  After the trial court granted the no-evidence
motion for summary judgment[2],
DWA moved to nonsuit its claims for affirmative relief.  In its final judgment,
the trial court granted the nonsuit and noted the prior granting of the
no-evidence motion.

Discussion

As stated above, under her single appellate issue,
Cornwell initially contends that the trial court erred in granting summary
judgment against her claims because DWA’s motion was insufficient on its face. 
A no-evidence motion for summary judgment under Texas Rule of Civil Procedure
166a(i) is essentially a motion for a pretrial directed verdict.  Tex. R. Civ.
P. 166a(i); Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581-82 (Tex.
2006).  Once a proper no-evidence motion is filed, the burden shifts to the
nonmoving party to present evidence raising an issue of material fact as to the
elements specified in the motion.  See Tamez, 206 S.W.3d at 582.  However,
a no-evidence motion that merely challenges the sufficiency of the
nonmovant’s case and fails to specifically state the elements for which there is no evidence is fundamentally defective and insufficient to support
summary judgment as a matter of law.  E.g., Fieldtech
Avionics & Instruments, Inc. v. Component Control.Com, Inc., 262 S.W.3d 813, 824 (Tex.
App.—Fort Worth 2008, no pet.); Johnson v. Felts, 140 S.W.3d
702, 706 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

Here, DWA failed to
cite any elements of Cornwell’s causes of action in its motion, much less
assert that Cornwell was unable to produce evidence on any particular element
or elements.  Consequently, DWA’s motion was insufficient as a matter of law.  See
Tex. R. Civ. P. 166a(i); Fieldtech
Avionics, 262
S.W.3d at 824; Johnson, 140 S.W.3d at 706.  We therefore
sustain Cornwell’s first issue.

We reverse the trial court’s judgment and remand for
further proceedings in accordance with this opinion.

 








                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges, Justice Jamison, and
Senior Justice Hudson.[3]

 









[1]
One additional plaintiff and two additional defendants were also named in DWA’s
petition; however, because they play no part in this appeal, we need not
discuss their role in the case below.  We offer no conclusions regarding the
merit or propriety of the allegations in DWA’s petition but present the
allegations as background information helpful to understanding the appeal.





[2]
Although the record on appeal does not contain an order granting the motion,
the trial court did state in its final judgment that the summary judgment had
previously been granted.





[3]
Senior Justice J. Harvey Hudson sitting by assignment.